IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MORRIS TOLD,<br><br>          Plaintiffs,<br><br>vs.<br><br>COMTROL, INC., RALPH BURK, BRIAN BURK, ANNETTEE ROTHWELL, SHARON ZOBELL,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:02CV593DAK |

This matter is before the court on Defendants Comtrol Inc., Brian Burk, and Annette Rothwell's Motion to Dismiss, Or In the Alternative, To Stay.  Defendant Sharon Zobell also joins in the motion to dismiss.  Defendants' motion to dismiss argues that Plaintiff's claims have been litigated previously in the case of *United States of America for the Use and Benefit of Comtrol v. M.T. Enterprises*, civil no. 2:97cv0249PGC, and are barred by res judicata. Defendants also assert that Plaintiff's claims fail to state a claim upon which relief can be granted because Plaintiff lacks standing to bring the contract claims asserted and the claims are barred by the statute of limitations.  In the alternative, the motion asks for a stay pending the decision of the Tenth Circuit in the prior case.  However, the request for a stay is now moot because the Tenth Circuit issued a decision affirming Judge Cassell's order on August 10, 2005.

The court held a hearing on the motion on August 22, 2005.  At the hearing, Plaintiffs

1

were represented by Brian W. Steffensen, and Defendants were represented by Cass C. Butler. After carefully considering the pleadings, memoranda, and other materials submitted by the parties and the law and facts relating to this matter, and now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In 1994, Comtrol was awarded the prime contract to renovate the Veterans Administration Medical Center in Salt Lake City. In June of 1994, Comtrol entered into a subcontract with M.T. Enterprises, Inc. Morris Told, the relator in this case, was the president and CEO of M.T. Enterprises.

In July of 1995, M.T. failed to pay its employees and Comtrol took over M.T.'s contract by paying the employees directly to continue working. In 1997, Comtrol commenced an action against M.T. Enterprises, Inc., and TIG Premier Insurance Company, civil no. 2:97cv249S. On November 24, 1997, M.T. Enterprises filed an Amended Counterclaim against Comtrol.

On April 24, 2003, Judge Cassell entered a Memorandum Opinion granting summary judgment against M.T.'s Counterclaim. Judge Cassell found that the Counterclaim did not plead a claim for damage arising out of unreasonable and unexpected delays in construction caused by Comtrol. Similarly, the Counterclaim did not reference the federal statute known as the Prompt Payment Act so M.T. had no cause of action. On April 30, 2003, the Court entered judgment in favor of Comtrol and against M.T. Enterprises for $123,204.48. On May 21, 2003, M.T. appealed Judge Cassell's order to the Tenth Circuit.

On July 14, 2003, Comtrol took the deposition of the plaintiff in this case, Morris Told, as a representative of M.T. During the deposition, Told testified that M.T. was out of business,

that there were no corporate assets, and that he did not know where the bank records and other corporate records were located. Comtrol has been unable to collect on its judgment against M.T.

On June 14, 2002, Plaintiff Morris Told filed this action under seal, pursuant to the False Claims Act *qui tam* provisions. On April 28, 2004, Annette Nowak of the Office of Inspector General, Department of Veterans Affairs met with representatives of Comtrol as part of an investigation of Comtrol's role as the prime contractor on the renovation project of the Veteran's Hospital. The investigation centered around Plaintiffs allegations. On May 7, 2004, the government declined to intervene in this case. On May 17, 2004, Novak advised Comtrol that the VA and United States Attorney's Office had declined to take any action against Comtrol. Plaintiff did not serve Defendants with the Complaint until April 2005. Defendants then filed the present motion to dismiss.

After this motion was fully briefed, the Tenth Circuit affirmed Judge Cassell on August 10, 2005. On August 17, 2005, Defendants filed a Notice of Decision notifying this court of the Tenth Circuit's decision in the prior case. The Tenth Circuit affirmed Judge Cassell's Memorandum Opinion. Judge Cassell had struck the verification submitted by Morris Told in support of M.T.'s cross motion for summary judgment because it did not comply with FRCP 56(e). The verification stated that the statements were true to the best of his knowledge, information and belief, and under the penalty of perjury. The Tenth Circuit agreed that information and belief have no place in an affidavit supporting a motion for summary judgment. Judge Cassell found that M.T.'s response and cross-motion were riddled with inadmissible hearsay, conclusory statements and arguments, and information that was clearly outside of Mr. Told's personal knowledge. Without the verification, Judge Cassell ruled that M.T.'s response

did not set forth specific facts showing a genuine issue for trial.  The Tenth Circuit affirmed this conclusion.

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants argue that this case should be dismissed because it is barred by the doctrine of res judicata, it is barred by the statute of limitations, and Plaintiff lacks standing to assert the contract claims involved.  The court will address each argument in turn.

*1. Res Judicata*

Defendants assert that Plaintiffs claims are barred by the doctrine of res judicata because the issues in this case were, or could have been, litigated in the prior action before Judge Cassell.  Defendants contend that the claims brought by M.T. in the prior litigation and the claims brought in the present litigation both arise out of M.T.'s subcontract with Comtrol for the construction of certain VA Medical Centers.

The doctrine of "[r]es judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits."  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001); *Atiya v. Salt Lake County*, 988 F.2d 1013, 1019 n.5 (10th Cir. 1993) ("Claim preclusion bars relitigation of claims that were or 'could or should have been raised in the first action.'").

Plaintiff argues that res judicata does not apply because neither Morris Told nor the United States was a party to the prior lawsuit between Comtrol and MT Enterprises.  However, the Plaintiff in this action, Morris Told, was substituted as the real party in interest in the prior

action on January 4, 2001. Plaintiff has caused confusion in these actions because of a failure to distinguish between Morris William Told and Morris Bill Told. The pleadings in the prior action state that Morris Told assigned to Morris Bill Told all his rights and interest in the prior lawsuit. However, such assignment of rights does not mean that Morris Told was not a party to that action.

Even if Mr. Told had not been a party to the prior case, United States Supreme Court case law dictates that his relationship as President and C.E.O. of M.T. Enterprises is sufficient to make res judicata applicable in this case. The interests served by the doctrine of res judicata "are similarly implicated when nonparties assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously involved." *Montana v. United States*, 440 U.S. 147, 154 (1979).

Furthermore, Plaintiff appears to suggest that he is not a party to this lawsuit because it is brought by the United States. However, Plaintiff is a relator litigating the under the qui tam provisions of the FCA and the United States declined to intervene in the action. The Tenth Circuit does not recognize the United States as the party bringing the lawsuit. In declining to allow a relator 60 rather than 30 days to file an appeal, the Tenth Circuit stated that once the United States declines to prosecute the case, "proceeding in its name [is] merely a statutory formality." *United States ex rel. Petrofsky v. Van Cott, Bagley, Cornwall, McCarthey*, 588 F.2d 1327, 1329 (10th Cir. 1978); *Shaw v. AAA Eng'g & Drafting, Inc.*, 138 Fed. Appx. 62, 75 (10th Cir. 2005). The Tenth Circuit has also described the FCA as "empower[ing] a private individual (a relator) to bring a civil claim *on his or her own behalf*, and on behalf of the Government, against a person or company who knowingly presents a false claim to the Government for

payment." *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 930 (10th Cir. 2005) (emphasis added). Therefore, Plaintiff is clearly a party to this action. Because Morris Told was a party to the previous litigation and he is a party to the present action, the same party element for application of res judicata is met.

Next, the parties dispute whether res judicata applies because of the nature of the claims asserted in the two actions. Plaintiff contends that the False Claims allegations in this case are fundamentally different from those raised by MT Enterprises in the prior lawsuit. Plaintiff claims that the essential issue in the prior case was what Comtrol owed MT Enterprises. The issue in this case is whether Comtrol was entitled to keep all of the money for which it billed the United States government. Plaintiff contends that even if Comtrol is able to prove that it did not owe MT Enterprises any of the monies that MT Enterprises claimed it was due, Comtrol may still be found liable in this action if it billed for, received, and/or failed to return to the United States any monies to which Comtrol was not entitled.

However, the allegations in both cases focus on M.T.'s claim that it was not paid properly pursuant to its subcontract with Comtrol for the construction of the VA Medical Center. M.T.'s counterclaim in the prior action alleged that Comtrol deprived it of payments owed by issuing unjustified deductive change orders, that Comtrol wrongfully delayed payment to M.T., that Comtrol wrongfully refused to pay M.T. for work performed and labor supplied, that Comtrol required M.T. to perform additional work not covered in the contract, and that Comtrol wrongfully declared M.T. in breach of the subcontract and took over the work.

M.T.'s claims in this case also relate to its subcontract with Comtrol for the construction of the VA Medical Center. The Complaint alleges, among other things, that "[a]lmost

immediately Comtrol began to improperly hold back monies from MT." Compl. ¶ 22. The Complaint further alleges that Comtrol "routinely found excuses for not paying MT progress payments," *id.* ¶ 23, that "Comtrol wrongfully charged monies to MT's contract" *id.* ¶ 24, and that "Comtrol routinely violated the Federal Prompt Payment act." *Id.* ¶ 26.

While Plaintiff has recharacterized the claims by bringing different causes of action in this lawsuit, the claims arise out of the same transactions and complain of the same wrongs as the claims asserted in the prior litigation. Plaintiff's claims have all been disposed of by Judge Cassell's ruling on Comtrol's Motion for Summary Judgment. The fact that Judge Cassell felt the need to comment that no Prompt Payment Act claim had been brought demonstrates that the claim could have and should have been brought in the prior case.

Plaintiff argues that even if it could have asserted the claims in the prior action, the United States' rights under the FCA cannot be compromised by a possible relator's failure to bring a FCA claim in a prior lawsuit. However, the United States' rights under the FCA can, in fact, be foreclosed on res judicata grounds when they are not brought in prior litigation arising out of the same transaction as the later qui tam proceeding. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1240 (11th Cir. 1999) (holding that allowing plaintiff's FCA suit to proceed "would permit future qui tam plaintiffs strategically to sever their claims in the hope of obtaining a second bite at the apple should their first action prove unsuccessful."); *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999) (stating, with regard to the application of res judicata to an FCA claim, that "Plaintiff briefly argues that although both cases could have been litigated in the same action, it is questionable whether they should have been litigated in the same case. We can summarily reject this argument.").

Plaintiff further contends that, given the requirements to file a *qui tam* action under the False Claims Act claims, there was no practical way of asserting these FCA claims as a counterclaim in the prior case. However, there is no reason why it could not have been filed under seal on an ex parte basis. The government could have promptly investigated and determined whether to intervene well before the other action concluded. The prior action was pending in this court for six years. Even if Plaintiff had brought a separate action at the time he filed his counterclaim, he would have been able to consolidate the cases when the government declined to intervene. Instead, Plaintiff waited five years before bringing this action and never moved to consolidate it with the other action even though he knew that Judge Cassell was issuing a final ruling on the issues. The court is not convinced that there was no practical way to assert the *qui tam* claims in the previous case. Therefore, the court concludes that the present claims are barred by the doctrine of res judicata because they could have and should have been brought in the first case before Judge Cassell.

   *2. Statute of Limitations*

In addition, Defendants contend that Plaintiffs' first and second causes of action for violation of the False Claims Act are barred by the six year statute of limitations in 31 U.S.C. § 3731(b) and Plaintiffs' state law claims are barred by the applicable state statutes of limitation.

   *a. FCA Claims*

Plaintiff claims that his FCA claims are not barred because he has three years from the time the United States became aware of the claim or ten years, whichever is longer. Under 31 U.S.C. § 3731(b), the FCA provides that a civil action under the FCA may not be brought: "(1) more than 6 years after the date on which the violation of section 3729 is committed, or (2) more

than three years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last." Therefore, the FCA contains two potential statutes of limitations – a six-year statute of limitations for actions that do not require equitable tolling, and a three-year limitation for actions in which the basis for the claim is unknown.

The Tenth Circuit has not analyzed the statute of limitations contained in the FCA. However, in *United States ex rel. Hyatt v. Northrop Corporation*, 91 F.3d 1211, 1216-17 (9th Cir. 1996), the court determined that the equitable tolling provisions of subsection (2) apply equally to the government and relators. However, it also determined that in a case in which the government did not intervene that the relator could not rely on the government's failure to learn of the alleged false claims. *Id.* Rather, "the *qui tam* plaintiff is the only person 'charged with responsibility to act in the circumstances.'" *Id.* A *qui tam* plaintiff's "duty to act must be triggered by his own knowledge, not the knowledge of others." *Id.*

Therefore, in the present case, for Plaintiff's FCA claims to be timely filed, the Complaint must allege either that a FCA violation occurred after June 14, 1996, or that he was not aware of such alleged violations until sometime after June 13, 1999. The only alleged date of violation in Plaintiff's Complaint involves the 1994 bidding on the VA medical Center. There is no evidence that M.T. Enterprises performed any work on the VA job after July of 1995. Therefore, Plaintiff's FCA claims are time barred under the FCA.

    b. *State Law Claims*

Similarly, Defendants assert that Plaintiff's claims for fraud and unjust enrichment are

barred by Utah's three-year statute of limitations, Utah Code Annotated § 78-12-26(3), and Utah's four-year statute of limitations, Utah Code Annotated § 78-12-25, respectively. Plaintiff claims that Defendants' statute of limitations defense based on Utah law is improper because there is a question of fact as to when the United States knew of the alleged wrongful acts and Utah law relating to equitable tolling due to lack of knowledge of the underlying facts and/or fraud should apply.

However, Plaintiff must assert his state law claims only in his own capacity. The FCA creates standing for Plaintiff to assert claims under the FCA but it does not create standing to bring state law claims on the government's behalf. When the United States became aware of the alleged wrongful acts to support the state law claims is irrelevant because Plaintiff does not have standing to bring state law claims on behalf of the United States. *See Kusner v. Hepburn, Willcox, Hamilton & Putnam,* 2001 WL 34368779, at *6 (E.D. Pa. Nov. 21, 2001) (finding that plaintiff did "not have standing to assert common law claims on behalf of the United States").

Furthermore, where a motion to dismiss is based on the statute of limitations, it is the plaintiff's burden to respond with facts sufficient to toll the statute of limitations by means of the discovery rule. *Cumis Ins. Soc. v. Citibank*, 921 F. Supp 1100, 1111 (S.D.N.Y. 1996). Plaintiff has not pled any facts in his Complaint or presented any in his opposition to the motion to dismiss that would support his assertion that the statute of limitations on the state law claims should be equitably tolled. Plaintiff has only asserted that there is a material issue of fact as to when the United States knew or should have known that the Defendants allegedly committed the wrongful acts complained of in this case. Therefore, the court finds no basis for equitably tolling the statutes of limitation applicable to Plaintiff's state law claims. Accordingly, such claims are

dismissed because they are barred by the applicable statutes of limitation.

   *4.   Sanctions*

Defendants ask the court for sanctions based on Plaintiff's false statement that he was not a party to the prior litigation. The court recognizes that Plaintiff has caused confusion as to the entities involved in this litigation without any explanation for doing so or clarification to the parties and court. Although the court discourages such behavior, it declines to impose sanctions because it is not clear whether it was done with improper motives.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Complaint is dismissed with prejudice in its entirety, each party to bear its, his or her own costs.

DATED this 6th day of September, 2005.

                              BY THE COURT:

                              _____
                              DALE A. KIMBALL
                              United States District Judge